## Richmond

ANTHONY W. ROGERS

V.

NATIONWIDE MUTUAL INSURANCE COMPANY

September 11, 1981.

Record No. 800761.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, and Thompson, JJ.

*C. Jacob Ladenheim (Wiegandt, Ladenheim and Campbell, P.C.,* on brief), for appellant.
*James W. Jennings, Jr. (Michael A. Cleary; Woods, Rogers, Muse, Walker & Thornton,* on brief), for appellee.

PER CURIAM.

We granted this writ to consider the following question: Are expenses for chiropractic services included in the medical payments coverage of the insurance policy at issue?

The appellant, Anthony W. Rogers, sought reimbursement for the costs of chiropractic treatment under the medical payments coverage clause of a motor vehicle insurance policy issued by the appellee, Nationwide Mutual Insurance Company. The trial court ruled that "medical services are limited to those performed by or related to one engaged in the practice of medicine," denied Rogers's claim, and entered judgment for Nationwide.

The medical payments clause provides, in part, that Nationwide will "pay all reasonable expenses incurred . . . for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services." This follows the mandate of Code §§ 38.1-21(2) and 38.1-380.1(a).

Rogers offered no evidence to show what constitutes "medical . . . services," but he contends on appeal that the term is broad enough to include chiropractic services, and he urges us to construe the statutes and the medical payments clause of the policy accordingly.

■ Code § 38.1-380.1(a) requires that the optional medical payments clause of a motor vehicle insurance policy provide, as minimum coverage, "[a]ll reasonable and necessary expenses for medical, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services, and funeral expenses . . . ." Neither the policy nor Code § 38.1-380.1(a) defines the term "medical . . . services." However, Title 54, Chapter 12, entitled "Medicine and Other Healing Arts," illustrates the legislative intent to distinguish among different types of healing arts. Code § 54-273 defines

the terms used in Chapter 12. The section defines the term "healing arts" broadly, § 54-273(2), and then, the "Practice of medicine or osteopathy," § 54-273(3), and the "Practice of chiropractic," § 54-273(6), as subspecies of that rubric.

Having made this distinction, the General Assembly, in deciding to require coverage of costs of services performed by licensed chiropractors under accident and sickness insurance policies, found it necessary to enact Code § 38.1-347.1. Had the legislature intended to impose a similar coverage requirement upon motor vehicle liability insurance policies, it could have done so by selective enactment. It did not do so, and we cannot assume that its failure was a legislative inadvertence. As we construe the statute, Code § 38.1-380.1(a) does not require the coverage of chiropractic treatment.

Because that section sets only minimum coverage standards, an insurer is free to include coverage for chiropractic care in a medical payments clause of a motor vehicle insurance policy if it chooses to do so. Upon comparison, we find that the terms of Rogers's policy are substantially similar to those required by Code § 38.1-380.1(a), and, since the statute does not mandate coverage of chiropractic treatment, we hold that Rogers's policy does not.

Finding no error below, we will affirm the judgment.

*Affirmed.*